21 N.Y.2d 379 (1968)
In the Matter of Thomas Sinacore, Doing Business as Pine Liquors, Appellant,
v.
New York State Liquor Authority et al., Respondents.
Court of Appeals of the State of New York.
Argued January 3, 1968.
Decided January 18, 1968.
Robert W. Corcoran for appellant.
Lawrence Kunin and Hyman Amsel for respondents.
Chief Judge FULD and Judges BERGAN and BREITEL concur with Judge BURKE; Judge SCILEPPI dissents and votes to reverse in an opinion in which Judges KEATING and JASEN concur.
*382 BURKE, J.
This appeal raises the question of whether the courts may in reviewing a determination of the State Liquor Authority granting a package liquor license in a case where it has submitted a complete record and indicated a "rational basis for its conclusion as to `public convenience and advantage'" (see Matter of Forman v. New York State Liq. Auth., 17 N Y 2d 224, 229) disturb such determination. In our view they may not.
The facts of the instant case are as follows. Respondent Perocier in July of 1966 filed with the New York City Alcoholic Beverage Control Board (the "local board") an application for a license to operate a package liquor store at a certain address in the Bushwick Avenue section of the Borough of Brooklyn in the City of New York. This is an economically depressed area, suffering all the social ills characteristically found in the modern urban ghetto, including high incidence of crime, juvenile delinquency and alcoholism. Perocier's application was opposed in letters to the local board by certain neighborhood civic associations and the board, after a hearing, recommended disapproval of his application, stating as one of the grounds for its recommendation that there were already a sufficient number of liquor stores in this "sensitive area". A statutory hearing was thereafter held and, on the basis of the record prepared for the local board and in the statutory hearing, the State Liquor Authority rejected the recommendation of the local board and approved the application.
Following approval of respondent Perocier's application by the Authority, the petitioner, a package liquor store licensee located in the same neighborhood, commenced this article 78 proceeding to annul the determination of the Authority granting Perocier's license and to enjoin any future grant of a license at the subject premises. Petitioner prevailed at Special Term, with the court concluding that, while the Authority had submitted a complete record, the record submitted was barren of evidence "showing that the addition of another liquor store in this neighborhood would in any manner, shape or form promote temperance and respect for law." The court went on to characterize the Authority's determination as based upon "biased conclusions" and the Authority's "preconceived determination that public advantage is promoted by unlimited competition *383 regardless of the nature or need of the local community." On appeal to the Appellate Division, that court reversed Special Term, determining that the Authority had submitted a full record and that this record presented a reasonable basis for the Authority's decision.
We are in agreement with the Appellate Division that the State Liquor Authority's determination in this case ought not to have been disturbed. The factors which led the Authority to conclude that the grant of this license would serve "public convenience and advantage" are summarized in the affidavit submitted by the Authority's chairman to Special Term in opposition to petitioner's application to that court for an order annulling this determination. This affidavit recited how the nearest package liquor store to respondent's proposed store was 800 feet away, and no other store could be found for 1,500 feet and how licensing a store at this location would "serve a congested, densely populated neighborhood" and enable residents "to obtain alcoholic beverages without the necessity of walking a number of blocks or crossing heavily travelled, dangerous thoroughfares." The record before the Authority was fully sufficient to support these conclusions. On such a record the Authority's determination may be disturbed only if the courts are to take unto themselves that role which has been delegated by law to the State Liquor Authority. This they may not do.
Appellant-petitioner and the dissenting Judges in this court place great reliance upon Matter of Forman v. New York State Liq. Auth. (supra), but this reliance is misplaced. Chief Judge DESMOND's opinion for the majority in that case at no place intimates that determination of "public convenience and advantage" is for the courts. Rather, a careful reading of his opinion there indicates that all that was decided in Matter of Forman was that the Authority must develop a complete record as to such applications and when challenged in court must "show forth a rational basis for its conclusion as to `public convenience and advantage'" (see 17 N Y 2d 224, 229; emphasis added). Otherwise, we concluded in Matter of Forman, the right of a competitor to challenge the grant would be meaningless (ibid). Matter of Forman stands for nothing more than this.
The terms, "public convenience" and "public advantage", must have some fixed content, if the right to review is not to be *384 meaningless, but the weight to be accorded either interest and, more fundamentally, the factors to be viewed as furthering one or the other of these interests in a given case are matters delegated to the Authority for decision and, unless its determination is arbitrary or capricious, it may not be disturbed by the courts.
The Authority has, it seems clear from this record, heard and considered the various objections against the licensing of a package liquor store at this location. It has, however, determined that "public convenience and advantage" will best be served by the granting of this license. Its determination, based upon the inconvenience and possible risks found by the Authority to residents in the vicinity of respondent Perocier's proposed store in having to cross heavily trafficked streets and walk many blocks to obtain alcoholic beverages at other licensed premises, a factor which the Authority must and did take into account  along with matters such as the possible hazard to the social and moral well-being of the area through the licensing of an additional liquor store  in making its value judgment, may not be characterized as arbitrary and capricious. Reasonable men might differ as to the wisdom of such a determination, but it is on its face rational. Even further, such a determination, depending as it must upon an analysis of broad, difficult to assess sociological considerations as to the effect upon residents of a neighborhood such as this of additional outlets for the sale of alcoholic beverages, is beyond the competence of courts. Any limitation in this regard, if any is called for, on the Authority's discretion must of necessity be fashioned by the Legislature.
In addition, it should be noted that there has been a recent change in policy of the State Liquor Authority, consistent with our present legislative policy in favor of greater price competition in the sale of alcoholic beverages, toward licensing more package liquor stores. This, undoubtedly, had a role in respondent Perocier's success in obtaining his license. As this record makes clear, however, the Authority in this case considered also, as it is required to do, the effect upon "public convenience and advantage" of the grant of this particular license. (See Cantlin v. State Liq. Auth., 16 N Y 2d 155, 162-163.) Accordingly, we are of the opinion that the order appealed from should be affirmed, with costs.
*385 SCILEPPI, J. (dissenting).
While we recognize the interest which appellant may personally have in this proceeding, since the granting of respondent's application will bring about additional business competition, we should and do consider the broader and more important question of the impact and adverse effect which the granting of this license would undoubtedly have on the particular community in which the license is sought.
After investigating the respondent's application for a package liquor store license at premises designated as 746 Evergreen Avenue, in the Bushwick section of Brooklyn, the New York City Alcoholic Beverage Control Board recommended to the State Liquor Authority that the application be disapproved. The reasons given were that the premises were in too close proximity to two elementary schools; a sufficient number of licensed premises were already operating in this "sensitive" area; and, under all the circumstances, public convenience and advantage would not be served by the approval of this application.
Contrary to this recommendation, the Authority approved the application, finding that the public convenience and advantage would be served by the approval of this package store license at this location.
In Matter of Forman v. New York State Liq. Auth. (17 N Y 2d 224) Chief Judge DESMOND discussed the meaning of "public convenience" and "public advantage": "`Public convenience' necessarily refers to the accessibility of stores and involves considerations of distance, overcrowding of present facilities, etc. `Public advantage' is a broader term which brings into play social and similar problems, and involves the State's general policy as to the sale of alcoholic beverages for off-premises consumption. That general public policy, as stated in section 2 of the Alcoholic Beverage Control Law, is to regulate the manufacture and distribution of alcoholic beverages for the purpose of fostering and promoting temperance and respect for and obedience to law. The record on this appeal leaves it a mystery as to how either `public convenience' or `public advantage' can in any conceivable way or according to any possible way of thinking be promoted by licensing a fifth package store in this small neighborhood" (p. 230; emphasis added).
*386 While it is clear that the competitive aspect of the liquor industry is a legitimate concern of the Authority in determining whether public convenience and advantage will be promoted by the issuance of a license, it is equally clear that the Authority must concern itself with needs and problems of the local community and the effect that additional liquor stores will have upon it.
The majority finds that the Authority has complied with the requirement of the Forman case in that it shows a rational basis for its conclusion as to public advantage and convenience. We cannot agree with this finding.
The record in this case overwhelmingly supports the conclusion reached by the local board that public convenience and advantage would not be served by the addition of another package liquor store in the Bushwick section.
The investigation by the local board disclosed the unfortunate conditions existing in the area of the proposed liquor store. The Bushwick community has been declared a poverty stricken area by the New York City administration. It suffers an unemployment rate which is more than double the national average, and it is the subject of an extensive rehabilitation study and effort made by both Federal and City Governments. Photographs submitted to the Authority and to us on this appeal show the physical deterioration and decay of the neighborhood.
The Bushwick Community Association, as well as many other civic groups, strongly protested approval of the respondent's application.
A survey of conditions existing in the area made by the Bushwick Community Association called the attention of the Authority and of the local board to the following facts:
that statistics of the New York City Youth Board showed that the juvenile delinquency rate in the health area in which the subject premises are located climbed from 20.4 per thousand youths in 1953 to 99.4 per thousand youths in 1964;
that the juvenile crime rate in the subject area is the worst in the entire city;
that the local area had been the scene of shotgun assaults and knifings as recently as July, 1966;
that the area is a poverty stricken area, suffering physical and moral deterioration;

*387 that crime conditions are so bad in the subject area that Public School No. 45, located by 225 feet from the proposed liquor store, was constructed as if it were a fort, without exterior windows, and with all means of ingress and egress barred or grated;
that the violence which exists in the subject area is largely attributable to the excessive use of drugs and alcohol by certain elements in the community, particularly by young people;
that alcoholic beverages may be conveniently obtained within the area from existing outlets.
We note that the investigation of the local board does not contain a single fact indicating that any portion of the public has been, or is being, inconvenienced by the present location of outlets for the sale of alcoholic beverages for off-premises consumption.
The transcript of the minutes of the statutory hearing held by the Authority shows that there was placed in evidence the application of the respondent Perocier, the local board's disapproval, the digest sheet and various letters of protest received from community civic groups.
The transcript further shows that only two witnesses testified in the course of the hearing. Respondent Perocier and his accountant were called solely for the purpose of testifying as to the net worth of said respondent. There was absolutely no testimony or evidence presented which shed any contrary light on the physical, social, economic or crime conditions existing in the area.
In support of the Authority's determination, there is, however, the following conclusory allegation in the affidavit of Donald S. Hostetter, Chairman of the State Liquor Authority: "The issuance of a package store liquor license at the proposed location will serve a congested, densely populated neighborhood and will enable those in the vicinity to obtain alcoholic beverages without the necessity of walking a number of blocks or crossing heavily travelled, dangerous thoroughfares."
Rather than providing a rational basis for the Authority's determination, this statement reinforces our view that the Authority has treated the concept of public convenience and advantage as being limited to the convenience of obtaining more liquor. This the Authority cannot do. As the court at Special Term noted, "By law [the Authority] is also required to concern *388 itself with needs of the neighborhood and the effect upon it of additional liquor stores". It is obvious from a reading of the whole record that the Authority disregarded these factors and, therefore, in our opinion, it abused its discretion.
Moreover, the record is devoid of substantial evidence indicating that another liquor store would result in convenience or advantage to the people of this community. Indeed, the granting of this license can only serve to aggravate the unfortunate conditions which presently exist there.
Accordingly, we would reverse.
Order affirmed, with costs to respondents Authority and board.